**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

**UNITED STATES OF AMERICA**

**-vs-**                                               Case No.: 13-00286-01-CR-W-GAF

**JOSHUA KAIN SMITH**

                                                    USM Number: 26512-045

                                                    Ronna Holloman-Hughes, AFPD

**JUDGMENT IN A CRIMINAL CASE**

The defendant pleaded guilty to Counts 1 and 2 of the Amended Indictment on 08/12/2014. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1591(a), 1591(b)(1) | Sex Trafficking of an Adult by Force, Fraud or Coercion | 03/15/12 | 1 |
| 18 U.S.C. § 1591(a), 1591(b)(1) and 1594(a) | Attempted Sex Trafficking of an Adult by Force, Fraud, or Coercion | 11/15/11 | 2 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) 3-5 dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

                                                    Date of Imposition of Sentence: April 20, 2015

                                                    /s/ Gary A. Fenner
                                                    GARY A. FENNER
                                                    UNITED STATES DISTRICT JUDGE

                                                    April 20, 2015

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **240 months on Count 1 and 240 months on Count 2, to be served concurrently.**

The Court recommends to the Bureau of Prisons that the defendant be considered for designation to either FCI Marianna, FL, or FCI Petersburg, VA, and for participation in the 500-hour residential drug abuse program (RDAP).

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By:_____
Deputy U.S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **LIFE.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution, it is a condition of supervision that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;

2. The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. The defendant shall support his or her dependents and meet other family responsibilities;

5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. The defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISED RELEASE

The defendant shall also comply with the following special conditions of supervised release:

1. The defendant shall successfully participate in any substance abuse counseling program, which may include urinalysis, sweat patch, or Breathalyzer testing, as approved by the Probation Office and pay any associated costs as directed by the Probation Office.

2. The defendant shall submit his person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

3. The defendant shall provide the Probation Office with access to any requested financial information.

4. The defendant shall successfully participate in a program of sex offender counseling, which may include the submission to polygraph testing to assist in treatment planning and/or monitoring, as directed by the Probation Office. The defendant shall also pay any associated costs as directed by the Probation Office.

5. The defendant shall comply with all state and federal sex offender registration requirements.

6. The defendant shall have no contact with Victim 1, Victim 2, or any direct family member of either victim.

## ACKNOWLEDGMENT OF CONDITIONS

I have read or have read the conditions of supervision set forth in this judgment and I fully understand them. I have been provided a copy of them.

I understand that upon finding of a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____        _____
Defendant                                                                                        Date

_____        _____
United States Probation Officer                                                    Date

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| **Total Assessment** | **Total Fine** | **(*) Total Restitution** |
|---|---|---|
| **$200.00** | **Waived** | **$23,406.00** |

*(*) See restitution judgment entered separately.*

Since the Court finds that the defendant does not have the ability to pay interest, any interest is waived.

Since the Court finds that the defendant does not have the ability to pay a fine, the fine is waived.

Notwithstanding any other provision of this order, the Government may enforce restitution at any time.

Pursuant to 18 U.S.C. 3612(g), the defendant may be subject to delinquent and default penalties.

You are hereby ordered to begin payment immediately and continue to make payments to the best of your ability until this obligation is satisfied. While in custody you are directed to participate in the Bureau of Prisons Financial Responsibility Program, if eligible, and upon your release from custody you shall adhere to a payment schedule as determined by the Probation Office.

The defendant shall make restitution to the following payees in the amount listed below:

| **Name of Payee** | **Total Loss** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Andrea Caddell<br>2466-1 Mohawk Lane<br>Osage Beach, MO  65065 | $23,406.00 | $23,406.00 | |

Note:  Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

All payments shall be made through:  Clerk of the Court, United States District Court, 400 East 9th Street, Room 1150, Kansas City, MO 64106.

While restitution is still owed, the defendant shall notify, within 30 days, the U.S. Attorney (United States Attorney's Office, Financial Litigation Unit, 400 East 9th Street, Room 5510, Kansas City, MO 64106) of any change of residence and the Court and U.S. Attorney when there is a material change in his economic circumstances.

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

Total assessment of **$200.00** due immediately.

Restitution of **$23,406.00** due immediately. If unable to pay the full amount immediately, the defendant shall make monthly payments of $100 or 10% of earnings while incarcerated and monthly payments of $100 or 10% of gross income, whichever is greater, while on supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of the Court. The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

AO 245B (Rev. 9/08-2/10) Judgment in a Criminal Case