```
                    UNITED STATES DISTRICT COURT

                    WESTERN DISTRICT OF MISSOURI


UNITED STATES OF AMERICA,        )
                                 )
              Plaintiff,         )
                                 )
     vs.                         )  Case No.
                                 )  13-00286-01-CR-W-GAF
JOSHUA KAIN SMITH,               )
                                 )
              Defendant.         )


              TRANSCRIPT OF SENTENCING HEARING
           BEFORE THE HONORABLE GARY A. FENNER
                UNITED STATES DISTRICT JUDGE
                       APRIL 20, 2015
                   KANSAS CITY, MISSOURI


FOR THE PLAINTIFF:
     MS. TERESA A. MOORE
     Assistant United States Attorney
     Charles Evans Whittaker Courthouse
     400 East Ninth Street, Floor 5
     Kansas City, Missouri 64106

FOR THE DEFENDANT:
     MS. RONNA HOLLOMAN-HUGHES
     Assistant Federal Public Defender
     818 Grand Avenue, Suite 300
     Kansas City, Missouri 64106



     Proceedings recorded by mechanical stenography, transcript
produced by computer



              KATHERINE A. CALVERT, RMR, CRR
              FEDERAL OFFICIAL COURT REPORTER
            CHARLES EVANS WHITTAKER COURTHOUSE
                   400 EAST NINTH STREET
                 KANSAS CITY, MISSOURI 64106
```

1

|   |   |
|---|---|
| 1 | APRIL 20, 2015 |
| 2 | THE COURT: Ready, Ms. Moore? |
| 3 | MS. MOORE: Yes. Thank you, Your Honor. |
| 4 | THE COURT: Ms. Hughes, are you ready? |
| 5 | MS. HOLLOMAN-HUGHES: Yes, sir. |
| 6 | THE COURT: Ms. Hughes, you've reviewed the |
| 7 | presence report with Mr. Smith; is that correct? |
| 8 | MS. HOLLOMAN-HUGHES: That's correct, Your Honor. |
| 9 | THE COURT: And you don't have any reason to object |
| 10 | to any of the information? |
| 11 | MS. HOLLOMAN-HUGHES: No, Your Honor. |
| 12 | THE COURT: Thank you. |
| 13 | As reflected in Mr. Smith's presentence report, |
| 14 | under the United States Sentencing Guidelines, his total |
| 15 | offense level is 39. His criminal history category is IV. The |
| 16 | guidelines recommend consideration of a range from 360 months |
| 17 | to life. There is a statutory minimum of 15 years and a |
| 18 | maximum of life on Counts 1 and 2 each. |
| 19 | The parties have entered into a plea agreement which |
| 20 | is a binding plea agreement where the parties request a |
| 21 | sentence of 240 months. Based upon my review of the |
| 22 | information in the presentence report, I'm inclined to accept |
| 23 | the agreed sentence between the parties finding that to be |
| 24 | reasonable and appropriate given the agreement of the parties |
| 25 | and all of the statutory factors for consideration under 18 |

1  U.S.C., Section 3553.

2          Ms. Holloman-Hughes, would you like to speak any
3  further on any of these matters?

4          MS. HOLLOMAN-HUGHES: No, Your Honor. I would just
5  like to request placement.

6          THE COURT: All right.

7          MS. HOLLOMAN-HUGHES: Mr. Smith actually has his
8  GED. He did fairly well on it so he applied for and was
9  accepted to Westlawn Institute of Marine Technology. They
10 actually have courses for inmates. He needs access to a
11 computer with AutoCAD and he's researched where that would be,
12 and so one of the places that he could go and be placed into
13 that program would be Petersburg, Virginia. He would like the
14 Court to recommend that. However, his mother and children are
15 in Florida, so he would actually rather be closer to them, and
16 the placement for Florida would be Marianna, Florida, Your
17 Honor. So we ask the Court to consider Marianna -- recommend
18 Marianna first, then Petersburg, Virginia, to the BOP second.

19         THE COURT: All right. I will make those
20 recommendations. And if you would speak with Ms. Moore when
21 we're done to make sure that she has the correct names of the
22 institutions that you're requesting.

23         MS. HOLLOMAN-HUGHES: Thank you.

24         THE COURT: Mr. Smith, is there anything you would
25 like to say this afternoon before I finally determine your

3

1  sentence?

2  THE DEFENDANT: Yes, Your Honor.

3  THE COURT: All right.

4  THE DEFENDANT: I would just like to say that I take
5  full accountability for my actions and that I hope I can change
6  and become a productive member of society by the time I get
7  out.

8  THE COURT: All right. Thank you, sir.

9  Ms. Moore, anything from you?

10  MS. MOORE: Yes, Your Honor, the government does
11  have a couple things we would like to request of the Court as
12  set out in the presentence investigation. Victim No. 1 has
13  requested restitution, and the government does have some
14  information, some documents regarding that restitution that I
15  have provided defense counsel and have marked as Government's
16  Exhibit No. 1 that I would like to present to the Court. It's
17  a letter from the victim's therapist, it's her 2011 information
18  about her tax return, some information about when she worked at
19  Tan-Tar-A prior to leaving for Florida with the defendant, and
20  the victim has also indicated, and I think it's been set out at
21  least somewhat in the presentence investigation, that the
22  defendant traded the victim's car for another vehicle which she
23  did not then retain when she fled Florida and got away from the
24  defendant.

25  So with all that put together, the victim is

4

1   requesting 23 thousand, I believe, 4 hundred 60 dollars in
2   restitution, and I have prepared a proposed restitution order
3   that I had sent to the Court earlier today asking for
4   restitution in that amount.
5           In addition, Victim No. 1 has provided the
6   government with a victim impact statement.  She had
7   contemplated being here today and had decided that it was too
8   stressful for her and has asked that I read this to the Court
9   or I can -- Ms. Holloman-Hughes already has a copy of it -- or
10  I can also provide it to the Court to read, if you like.
11          THE COURT:  All right.  If you will provide it to
12  me, I'll read it.
13          MS. MOORE:  Okay.  And I did not mark it as an
14  exhibit.
15          THE COURT:  Ms. Holloman-Hughes, do you have any
16  objection to Exhibit 1?
17          MS. HOLLOMAN-HUGHES:  No, Your Honor.
18          THE COURT:  Thank you.
19          MS. MOORE:  And then I would just let the Court and
20  counsel know, government does request a life term of supervised
21  release to follow Mr. Smith's incarceration in the Bureau of
22  Prisons, and I would request a special condition of that
23  supervised release that the defendant have no contact with
24  Victim No. 1 or Victim No. 2; and, in addition, they have no
25  contact with their direct family members.

5

1    THE COURT: Were the contact terms proposed in the
2 special conditions of the presentence report, or do you know,
3 Ms. Moore?
4    MS. MOORE: They are not and I would -- I know that
5 the victims would appreciate that certainly, Your Honor.
6    THE COURT: All right. Let me read this statement.
7    All right. Anything further from you, Ms. Hughes?
8    MS. HOLLOMAN-HUGHES: No, sir.
9    THE COURT: All right. The victim's statement is
10 pretty compelling in terms of the statutory considerations of
11 sentencing, speaking to the nature and circumstances of the
12 offense, which were horrific, and the defendant's
13 characteristics, exhibits no concern for the victim whatsoever,
14 taking all that into consideration and the need for the
15 sentence to reflect the seriousness of the offense, promote
16 respect for the law, provide just punishment, afford adequate
17 deterrence to criminal conduct, and protect the public from
18 future crimes, as well as provide the defendant with needed
19 correctional treatment, which obviously the defendant is in
20 need of some treatment, as I said before, I accept the agreed
21 sentence between the parties of 240 months in custody of the
22 Bureau of Prisons of Counts 1 and 2 with those counts to run
23 concurrently.
24    And upon the defendant's release, I'm going to order
25 he be placed on supervised release for lifetime. I'm going to

```
 1   order the defendant comply with all of the mandatory and
 2   special -- normal conditions for supervision that have been
 3   adopted by this court as well as the special conditions listed
 4   in Part D of the presentence report.  And, additionally, the
 5   special condition that the defendant have no contact with
 6   either of the victims in this case or anyone who is a direct
 7   family member of either of those victims.
 8             And, Ms. Holloman-Hughes, I take it you've reviewed
 9   the conditions in Part D of the presentence report?
10             MS. HOLLOMAN-HUGHES:  Yes, Your Honor.
11             THE COURT:  I find that the defendant does not have
12   the ability to pay a fine so I waive the imposition of any
13   fine, but he is ordered to pay a special assessment in the
14   amount of $200, which is due immediately.
15             The defendant is also ordered to pay restitution in
16   the amount of $23,406 to Andrea Caddell pursuant to the written
17   order that I am executing setting forth the terms and
18   conditions of that order of restitution.
19             Do you have something on that?
20             MS. HOLLOMAN-HUGHES:  Not restitution, Your Honor,
21   but my client would like the Court to order the RDAP program.
22             THE COURT:  Okay.  Mr. Smith.
23             THE DEFENDANT:  Yes, Your Honor.
24             THE COURT:  I'm sorry.  You said Mr. Smith would
25   like the RDAP program?
```

7

1  　　　　　　MS. HOLLOMAN-HUGHES: Yes.

2  　　　　　　THE COURT: Okay. I'm sorry. I misunderstood you.
3  I will recommend to the Bureau of Prisons, along with the
4  recommendation for placement, that Mr. Smith be accepted to the
5  bureau's 500-hour drug treatment, RDAP program.

6  　　　　　　And, finally, Mr. Smith, I'm going to order you be
7  retained in custody for service of the sentence imposed.

8  　　　　　　As I'm sure you know, there was a waiver of your
9  right to appeal under the terms of your binding plea agreement.
10 Nonetheless, if you believe there is a basis for appeal that
11 was not waived, you need to know that you have only 14 days
12 after the day the sentence is imposed to file a notice of your
13 intent to appeal. If you do not file that notice of intent to
14 appeal within 14 days of today, your right to appeal will be
15 waived, regardless of whether it's a matter addressed under the
16 terms of your plea agreement or otherwise.

17 　　　　　　And my clerk who is seated here just to my left has
18 a form that she will give you that you can use to file that
19 notice of intent to appeal if it's something you wish to
20 pursue.

21 　　　　　　Anything further from you, Ms. Moore?

22 　　　　　　MS. MOORE: Yes, Your Honor. Pursuant to the plea
23 agreement, the government dismisses Counts 3 through 5 of the
24 amended indictment.

25 　　　　　　THE COURT: Those counts are dismissed at the

```
 1  government's request.
 2            Ms. Holloman-Hughes?
 3            MS. HOLLOMAN-HUGHES:  No, sir, Your Honor.
 4            THE COURT:  Thank you all.
 5            (Adjournment)
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

9

CERTIFICATE OF OFFICIAL REPORTER

      I, Katherine A. Calvert, Federal Official Court Reporter, in and for the United States District Court for the Western District of Missouri, do hereby certify that the foregoing is a true and correct transcript of the stenographically reported proceedings in UNITED STATES OF AMERICA, Plaintiff, vs. JOSHUA KAIN SMITH, Defendant, No. 13-00286-01-CR-W-GAF.

      Dated this 28th day of May 2015.

_____
KATHERINE A. CALVERT, RMR, CRR
FEDERAL OFFICIAL COURT REPORTER